IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2012

## THANATH SAYADETH v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-64667     Don R. Ash, Judge**

**No. M2011-00957-CCA-R3-PC - Filed August 24, 2012**

Petitioner, Thanath Sayadeth, appeals from the post-conviction court's dismissal of his petition for post-conviction relief following an evidentiary hearing. After a thorough review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, PJ., and NORMA MCGEE OGLE, J., joined.

James R. Smith, Murfreesboro, Tennessee, for the appellant Thanath Sayadeth.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General, and J. Paul Newman, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Petitioner was indicted by the Rutherford County Grand Jury in a three-count indictment charging Class B felony sale of a Schedule I controlled substance, Class B felony possession of a Schedule II controlled substance, and Class A misdemeanor possession of drug paraphernalia. Pursuant to a negotiated plea agreement, the count charging sale of a Schedule I controlled substance and the count charging possession of drug paraphernalia were dismissed. Defendant pled guilty to a lesser included offense of the remaining charge. Specifically, Petitioner pled guilty to attempted possession of a Schedule II controlled substance, a Class D felony, and received a sentence of two years to serve consecutively to the sentence for a federal conviction he was then serving. The sentence's consecutive requirement was also part of the negotiated plea agreement.

Petitioner subsequently filed, *pro se*, a "Motion to Amend Original Judgement [sic]" which the post-conviction court treated as a petition for post-conviction relief. Counsel was appointed to represent Petitioner and an "Amended Petition for Post-Conviction Relief" was filed. At the time of the post-conviction hearing, Petitioner was in federal custody in Texas, and waived his right to be present at the post-conviction hearing and submitted his testimony by affidavit pursuant to Tennessee Code Annotated section 40-30-110(a) and Rule 28 section 8(C)(2) of the Rules of the Supreme Court of the State of Tennessee. The extent of his post-conviction hearing testimony by affidavit is the following sentence in the affidavit: "I hereby ratify and reaffirm the facts stated in the Amended Petition for Post-Conviction Relief and the prayer for relief contained therein." The amended petition alleged that trial counsel rendered ineffective assistance of counsel by telling Petitioner that "they will not run your state time concurrent with your federal time, they are not allowed to do that and will not do it."

Petitioner further alleged that trial counsel lead him to believe that the trial court "did not have the authority to run the state sentence concurrent with his federal sentence." Petitioner asserts that he later discovered that he could have, in fact, received concurrent sentencing and that trial counsel thus misled Petitioner with false statements that the trial court had no legal authority to order consecutive sentencing and "thereby persuaded Petitioner to accept the 'quick plea.'" Petitioner also made the allegation that trial counsel failed to make sure Petitioner received his jail credit in the judgment. However, Petitioner made no factual allegations of how much jail credit he was entitled to, if any, for pre-conviction time spent in custody solely on the Rutherford County charges awaiting disposition of those charges.

Trial counsel testified that he never told Petitioner that the law prohibited concurrent sentencing in his case and that he never told Petitioner that the trial court would never allow concurrent sentencing. Trial counsel did inform Petitioner that the prosecutor would not agree to concurrent sentencing in the negotiated plea agreement. Trial counsel was asked about Petitioner's failure to get jail credit, and trial counsel testified that he discussed with Petitioner how long Petitioner had been in jail, but trial counsel did not know what Petitioner was alluding to in his assertion of failure to get appropriate jail credit. Petitioner's post-conviction counsel did not present any proof from the records keeper at the jail as to how many days of jail credit Petitioner was entitled to receive. However, as pointed out by Petitioner in his brief, the transcript of the guilty plea hearing shows the following exchange at the conclusion of the guilty plea hearing:

THE COURT:     Okay. Thank you. It doesn't show that he's got any jail credit.

[PROSECUTOR]:   I think he's serving a five[-]year sentencing on something else.

THE COURT:   Okay.

The post-conviction court accredited the testimony of trial counsel. The post-conviction court found that the claims made by Petitioner were not clear and convincing evidence that trial counsel rendered ineffective assistance of counsel.

To sustain a petition for post-conviction relief, a petitioner must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. *See* Tenn. Code Ann. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction judge, not the appellate courts. *See Momon*, 18 S.W.3d at 156; *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997). The post-conviction judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. *See Momon*, 18 S.W.3d at 156; *Henley*, 960 S.W.2d at 578.

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee a criminal petitioner the right to representation by counsel. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Burns*, 6 S.W.3d at 461; *Baxter*, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the petitioner's lawyer and actual prejudice to the defense caused by the deficient performance. *Id*. at 687; *Burns*, 6 S.W.3d at 461. To demonstrate prejudice, a petitioner must show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The petitioner bears the burden of establishing both of these components by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); *Burns*, 6 S.W.3d at 461. The petitioner's failure to prove either deficiency or prejudice is a sufficient

basis upon which to deny relief on an ineffective assistance of counsel claim. *Burns*, 6 S.W.3d at 461; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The prejudice component is modified such that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59; *see also Hicks v. State*, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." *Strickland*, 466 U.S. at 688; *Burns*, 6 S.W.3d at 462. The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462; *see also Strickland*, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics*, see Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, *see Strickland*, 466 U.S. at 690; *Hicks v. State*, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. *Id*. "However, a trial court's *conclusions of law*—such as whether counsel's performance was deficient or whether that deficiency was prejudicial—are reviewed under a purely *de novo* standard, with no presumption of correctness given to the trial court's conclusions." *Id*. (emphasis in original).

Under the standards set forth above, we conclude that the post-conviction court did not err by denying post-conviction relief.

## CONCLUSION

The judgment of the post-conviction court is affirmed.

THOMAS T. WOODALL, JUDGE

-4-